1   Gregg S. Garfinkel (State Bar No. 156632)
    Leslie A. Blozan (State Bar No. 81481)
2   STONE | ROSENBLATT | CHA, PLC
    21550 Oxnard Street, Main Plaza – Suite 200
3   Woodland Hills, California  91367
    Tel:    (818) 999-2232
4   Fax:   (818) 999-2269         NO EMAIL PROVIDED

5   Attorneys for Defendants
    HORIZON MOVING SYSTEMS, INC.
6   AND HORIZON MOVING SYSTEM OF ARIZONA LLC

7

8                    UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT-RIVERSIDE BRANCH

10              ED   CV   08  -  00682   VAP   CTx

11   Arlene Steiner                    Case No.:

12              Plaintiff,             (San Bernardino County Case No.:
                                       CIVMS700535
13        v.
                                       NOTICE FOR REMOVAL OF ACTION
14   Horizon Moving Systems, Inc., and Horizon   TO FEDERAL COURT AND
     Moving System of Arizona, LLC    DECLARATION OF LESLIE A.
15                                     BLOZAN  SUPPORT THEREOF

16              Defendants.           [28 U.S.C. Sections 1331 and 1337]

17

18   TO THE CLERK OF THE ABOVE-ENTITLED COURT:        BY FAX

19        PLEASE TAKE NOTICE that defendants, HORIZON MOVING SYSTEMS,

20   INC. and HORIZON MOVING SYSTEMS OF ARIZONA, LLC. collectively referred

21   to as "Defendants") hereby remove to this Court the state action described herein.

22   1.   On or about October 4, 2007, an action was commenced in the San

23        Bernardino County Superior Court, entitled  Arline Steiner vs. Horizon

24        Moving Systems, Inc., et al., wherein it was assigned Case No.

25        CIVMS700535 (hereinafter the "state court action").  A true and correct copy

26        of Plaintiff's Summons and Complaint filed in the state court action is

27        attached hereto as Exhibit "A". (Blozan declaration, page 4, ¶ 2.)

28   ///

NOTICE FOR REMOVAL OF ACTION TO FEDERAL COURT AND DECLARATION OF
LESLIE A. BLOZAN SUPPORT THEREOF
1

11920936.tif - 5/16/2008 3:07:31 PM

2.   This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1337(a), and is one which may be removed to this court by the Defendants pursuant to the provisions of 28 U.S.C. §1441(b), in that it is a civil action arising under, and pursuant to, a contract for the carriage of goods in interstate commerce.  Specifically, the shipment at issue herein originated in Arizona and was to be delivered to California as evidenced by the bill of lading attached to the Declaration of Leslie A. Blozan, attached hereto as Exhibit "B".  (Blozan declaration, page 4, ¶ 3.)

3.   Plaintiff's complaint is silent on the interstate nature of her claim and asserts only state causes of action.  Confirmation of the exclusively interstate nature of the claim did not occur until plaintiff was deposed on April 18, 2008. (Blozan declaration,  page 4, ¶ 4.)

4.   Plaintiff cannot avoid removal simply by "artfully pleading" their claims to omit references to preemptive federal law.  Notwithstanding the absence of a federal claim on the face of Plaintiff's Complaint, federal law provides that "under the 'artful pleading' doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law."  *Hall v. North American Van Lines, Inc.* 476 F.3d 683, 687 (9th Cir. 2007).  Under federal law, Plaintiff's claim of property damage to goods which are the subject of a contract for the carriage of goods in interstate commerce is one of the "extraordinary" situations where even a well-pleaded state law complaint will be found to arise under federal law and subject to removal under the provisions of 28 U.S.C. § 1441.  *Id.* at 687.

5.   Given that the shipment at issue is governed by the Interstate Commerce Act, the proper construction of the bill of lading is a federal question. (*Chesapeake & Ohio Ry. v. Martin,* 283 U.S. 209, 212 (1931)).  The United

STONE | ROSENBLATT | CHA
A PROFESSIONAL LAW CORPORATION
21550 OXNARD STREET, MAIN PLAZA – SUITE 200
WOODLAND HILLS, CALIFORNIA 91367

1 States Supreme Court has consistently held that an interstate bill of lading is

2 a creature of federal law and must be construed thereunder As noted by

3 the Supreme Court in *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 214

4 (1985):

5 While the nature of the state tort is a matter of law, the

6 question whether the [state] tort is sufficiently

7 independent of federal contract interpretation to avoid

8 preemption is, of course, a question of federal law.

9 Similarly, the United States Supreme Court held, in *Thurston Motor Lines,*

10 *Inc. v. Rand, Ltd.,* 460 U.S. 533, 535 (1983):

11 As to the interstate shipments . . . the parties are held to

12 the responsibilities imposed by the federal law, to the

13 exclusion of all other rules of obligations.

14 6. The removal of this matter is expressly authorized by the Ninth Circuit Court

15 of Appeals' decision in *Hall v. North American Van Lines, Inc.*, *supra*, 476

16 F.3d at 683, wherein the Court found that the Carmack Amendment to the

17 Interstate Commerce Act (49 U.S.C. §14706) is the exclusive cause of

18 action for claims alleging delay, loss, failure to deliver or damage to property

19 and that it completely preempts the damage claim asserted in Plaintiff's

20 Complaint for purposes of establishing removal jurisdiction. A similar result

21 was previously reached in the matter of *Coughlin v. United Van Lines, LLC,*

22 362 F.Supp.2d 1170 (C.D. Cal. 2006). Other aspects of the Court's

23 decision in *Hall, supra,* and *Hughes v. North American Van Lines, Inc.*, 970

24 F.2d 609, 613 (9th Cir. 1992) will be addressed in Defendants' responsive

25 pleading which will follow soon hereafter.

26 7. Finally, as the alleged property damage component of Plaintiff's action

27 exceeds $10,0000.00, this action satisfies the jurisdictional minimum

28 contained in 28 U.S.C. §1445(b). (See Exhibit "A", paragraph 10 of

STONE | ROSENBLATT | CHA
A PROFESSIONAL LAW CORPORATION
21550 OXNARD STREET, MAIN PLAZA – SUITE 200
WOODLAND HILLS, CALIFORNIA 91367

---

**NOTICE FOR REMOVAL OF ACTION TO FEDERAL COURT AND DECLARATION OF
LESLIE A. BLOZAN SUPPORT THEREOF**

1    Plaintiff's Complaint wherein damages of $25,200 are alleged.)

2    8.    Defendants received service of Plaintiff's state court action in the fall of

3    2007 and answered the complaint in state court on or about February 25,

4    2008.  Defendant only learned of the exclusively interstate nature of the

5    dispute on April 18, 2007, during the deposition of plaintiff Arline Steiner.

6    (Blozan declaration, page 4, ¶ 4.)

7    9.    This office represents all named Defendants in this matter.  All Defendants

8    consent, and request, the removal of this matter.

9    10.    Based on a reasonable investigation, it is well grounded in fact and

10    warranted by law that this removal to federal court is not interposed for any

11    improper purpose, such as to harass or to cause unnecessary delay or

12    needless increase in the cost of litigation.

13

DATED:  May 16, 2008

14                                    STONE | ROSENBLATT | CHA
                                      A Professional Law Corporation
15

16                                    By:  _____
17                                         GREGG S. GARFINKEL
                                           LESLIE A. BLOZAN
18                                         Attorneys for Defendants

19

20

21

22

23

24

25

26

27

28

STONE | ROSENBLATT | CHA
A PROFESSIONAL LAW CORPORATION
21550 OXNARD STREET, MAIN PLAZA – SUITE 200
WOODLAND HILLS, CALIFORNIA 91367

## DECLARATION OF LESLIE A. BLOZAN

## IN SUPPORT OF PETITION FOR REMOVAL OF ACTION

I, Leslie A. Blozan, hereby declare:

1. That I am an attorney licensed to practice in the State of California and admitted to practice in the United States District Court, Central District. I am associated with Stone, Rosenblatt & Cha, attorneys of record for the defendants in this action. If called as a witness, I am competent to testify to the following facts as being true and correct and within my personal knowledge.

2. On or about October 4, 2007, plaintiff Arline Steiner filed suit against defendants, asserting state-court based causes of action against defendants. A true and correct copy of the complaint is attached hereto as Exhibit "A" and incorporated herein by this reference.

3. The events which form the basis of this suit involve the interstate shipment of plaintiff's household goods from Arizona to California. A true and correct copy of the bills of lading for the two shipments out of Arizona storage to plaintiff's Palm Springs, California residence, made on successive days, is attached hereto, collectively, as Exhibit "B."

4. Plaintiff's complain is silent upon the interstate nature of her dispute and the bills of lading are not attached to her complaint, Exhibit "A" herein. In conversations with plaintiff's counsel, the suggestion was made by counsel that there may have been a California component to the move, involving storage of the goods in a California warehouse. Plaintiff was deposed on April 18, 2008, at which time she confirmed that she had no knowledge of any storage in California; that she dealt exclusively with defendant(s) in Arizona, and ordered her goods delivered out of storage in Arizona. Therefore, defendants did not confirm the interstate character of the claim until the April 18, 2008 deposition.

///

///

STONE | ROSENBLATT | CHA
A PROFESSIONAL LAW CORPORATION
21550 OXNARD STREET, MAIN PLAZA – SUITE 200
WOODLAND HILLS, CALIFORNIA 91367

---

NOTICE FOR REMOVAL OF ACTION TO FEDERAL COURT AND DECLARATION OF
LESLIE A. BLOZAN SUPPORT THEREOF

1    I declare under penalty of perjury and the laws of the State of California and the

2    United States of America, that the foregoing is true and correct and within my personal

3    knowledge.

4    Executed this 16th day of May, 2008 at Woodland Hills, California.

5

6    _____

7    Leslie A. Blozan, declarant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE FOR REMOVAL OF ACTION TO FEDERAL COURT AND DECLARATION OF LESLIE A. BLOZAN SUPPORT THEREOF**

**EXHIBIT A**

PLD-C-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Bonnie Kramer, Esq. #150711<br>Law Offices Kramer & Kramer<br>225 South Civic Drive, Suite 215, Palm Springs, CA 92262<br>TELEPHONE NO: (760)325-1334   FAX NO. *(Optional):* (760)327-5789<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Arlene Steiner | **FOR COURT USE ONLY**<br><br>F I L E D<br>OCT 4 2007<br>By Catherine Vinocur, Dep. Clerk<br>SAN BERNARDINO COUNTY<br>SUPERIOR COURT, JOSHUA TREE DIV. |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
STREET ADDRESS: 6257 White Feather Road
MAILING ADDRESS: 6257 White Feather Road
CITY AND ZIP CODE: Joshua Tree, CA 92252
BRANCH NAME: Joshua Tree Branch

PLAINTIFF: Arlene Steiner

DEFENDANT: Horizon Moving Systems, Inc., Horizon Moving System of Arizona, LLC

[✓] DOES 1 TO 50

| CONTRACT | |
|---|---|
| [✓] COMPLAINT   AMENDED COMPLAINT *(Number):* 8.30<br>[ ] CROSS-COMPLAINT   AMENDED CROSS-COMPLAINT *(Number):* | ...a Set for 2/19/08<br>M3... ...dance is Mandatory |

**Jurisdiction** *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
   Amount demanded [ ] does not exceed $10,000
                 [ ] exceeds $10,000 but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
      [ ] from limited to unlimited
      [ ] from unlimited to limited

CASE NUMBER:
CIVMS 700535

1. Plaintiff* *(name or names):*
   Arlene Steiner
   alleges causes of action against defendant* *(name or names):*
   Horizon Moving Systems, Inc., Horizon Moving Systems of Arizona, LLC
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3.  a. Each plaintiff named above is a competent adult
     [ ] except plaintiff *(name):*
       (1) [ ] a corporation qualified to do business in California
       (2) [ ] an unincorporated entity *(describe):*
       (3) [ ] other *(specify):*

   b. [ ] Plaintiff *(name):*
     a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

     b. [ ] has complied with all licensing requirements as a licensed *(specify):*
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4.  a. Each defendant named above is a natural person
     [ ] except defendant *(name):*         [ ] except defendant *(name):*
      (1) [ ] a business organization, form unknown   (1) [ ] a business organization, form unknown
      (2) [ ] a corporation                 (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe):*    (3) [ ] an unincorporated entity *(describe):*

      (4) [ ] a public entity *(describe):*          (4) [ ] a public entity *(describe):*

      (5) [ ] other *(specify):*             (5) [ ] other *(specify):*

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.    Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE:<br>Steiner v. Horizon | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☑ Doe defendants *(specify Doe numbers):* 1 to 25, Inclusive.     were the agents or employees of the named
          defendants and acted within the scope of that agency or employment.
      (2) ☑ Doe defendants *(specify Doe numbers):* 26 to 50, Inclusive     are persons whose capacities are unknown to
          plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, *or*
   b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.
7. This court is the proper court because
   a. ☐ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☑ a defendant lives here now.
   d. ☐ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   ☑ Breach of Contract
   ☐ Common Counts
   ☑ Other *(specify):*
      Negligence

9. ☐ Other allegations:

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. ☑ damages of: $ 25,200.00
   b. ☑ interest on the damages
      (1) ☑ according to proof
      (2) ☐ at the rate of *(specify):*     percent per year from *(date):*
   c. ☑ attorney's fees
      (1) ☐ of: $
      (2) ☑ according to proof.
   d. ☐ other *(specify):*

11. ☑ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: September 20, 2007

Bonie Kramer, Esq.
_____
    (TYPE OR PRINT NAME)

▶ *Bonnie Kramer*
    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Steiner v. Horizon | |

FIRST _____ CAUSE OF ACTION—Breach of Contract
_(number)_
ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint
_(Use a separate cause of action form for each cause of action.)_

BC-1.  Plaintiff _(name):_ Arelene Steiner

alleges that on or about _(date):_ 11/11/04
a [✓] written [ ] oral [ ] other _(specify):_
agreement was made between _(name parties to agreement):_
Arlene Steiner and Horizon Moving Systems, Inc. aka Horizon Moving Systems of Arizona, LL
[ ] A copy of the agreement is attached as Exhibit A, or
[✓] The essential terms of the agreement [✓] are stated in Attachment BC-1 [ ] are as follows _(specify):_

BC-2.  On or about _(dates):_ 6/13/05
defendant breached the agreement by [✓] the acts specified in Attachment BC-2 [ ] the following acts
_(specify):_

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[✓] as stated in Attachment BC-4 [ ] as follows _(specify):_

BC-5. [✓]  Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[✓] according to proof.
BC-6. [✓]  Other:

Other equitable relief the court may deem proper.

Page ___3___

Page 1 of 1

CAUSE OF ACTION—Breach of Contract
Code of Civil Procedure, § 425.12
www.JustSearch.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Steiner v. Horizon | |

**Attachment BC-1:**

On or about November 11, 2004, defendant agreed to package, ship, store and deliver plaintiff's household goods, furniture, clothing and housewares at a price estimated at $12,000.00. Plaintiff hired defendant's employee, Ronnie Gonzales, a certified moving consultant, Registered Internal Mover, Horizon Systems, Inc. To supervise the packing of cartons as well as supervise the shipping, storage and delivery at an extra fee. On recommendation of defendant's certified moving consultant, plaintiff purchased insurance at a value of $75,000.00 for an additional fee. (A true and correct copy of defendant's invoice is attached as Exhibit A and incorporated by reference herein as a term of the contract at issue).

**Attachment BC-2:**

On or about 6/13/05, defendant's breached the contract by delivering damaged goods, household wares, furniture, etc. and by lose of cartons of plaintiff's household goods in an amount appraised at $25,200.00.

Defendants' further breached their contract with plaintiff by denying that insurance was purchased by plaintiff and denied plaintiff's claim. On presentation of proof of purchase by plaintiff, defendants then refused to provide a copy of the insurance policy. This delayed plaintiff's ability to present a claim following this, defendants then denied coverage of plaintiff's loss based on a claim of untimeliness. To date, plaintiff has not been given a copy of the insurance policy purchased by her which contains the terms as represented by defendants' employee, R. Gonzales, certified moving consultant, Registered Internal Mover, Horizon Systems, Inc.

On delivery of part of plaintiff's household goods packed in cartons, defendants' employee misrepresented to plaintiff that she 'could not inspect' prior to taking delivery of the cartons. Plaintiff was forced, under duress, to sign a delivery receipt or defendants' 'threatened' plaintiff that all cartons would be returned to point of origin and payment for redelivery would be incurred. Defendants further misrepresented the law of the State of California, that is, defendants stated "that California law required her to sign a delivery receipt to acknowledge

*(Required for, verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

4
Page _____

Form Approved by the
Judicial Council of California
MC-020 (New January 1, 1987)

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper
ATTACHMENT BC - 1, 2 & 4 TO JUDICIAL COUNCIL FORM COMPLAINT

CRC 201, 501

1

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Steiner v. Horizon | |

1  receipt of the items."  On presentation of her loss claim to defendants, defendants then

2  used their misrepresentation to deny coverage of plaintiff's loss based on her taking

3  delivery without inspection.

4  **Attachment BC-4:**

5

6  As a direct and proximate result of defendants and of each them breach of their contract

7  with plaintiff, plaintiff has incurred damage and total loss of items accumulated over 60

8  years of her life.  Plaintiff is over 80 years of age and irreplaceable items of sentimental

9  value which she intended to leave to her children and grandchildren have been lost,

   destroyed or damaged.

10

11  As a direct and proximate result of defendants and each of them breach of their contract

12  with plaintiff, plaintiff hired a professional appraiser, Kevin Stewart, to itemize and value the

13  estimated items of loss, damage and/or destruction at an amount to be proven at trial.

    Mr. Kevin E. Stewart prepared an appraisal with the 25 items estimated at a value of

14  $25,200.00.

15  As a direct and proximate result of defendants and each of them breach of their contract

16  with plaintiff, plaintiff has sustained damages associated with sentimental value of items

17  which cannot be  replaced in an amount to be proven at trial.

18  As a direct and proximate result of defendants and each of them breach of their contract

19  with plaintiff, plaintiff has sustained damages consisting of amounts paid by plaintiff on the

20  contract and the insurance purchased incorporated therein on which defendants' in bad

    faith denied and failed to pay on a claim.

21

22  As a direct and proximate result of defendants and each of them breach of their contract

23  with plaintiff, plaintiff has sustained damages consisting of loss of use of the items lost,

    destroyed and damages by defendants in an amount to be proven at trial.  As a direct and

24  proximate result of defendants and each of them breach of their contract with plaintiff,

25  plaintiff has sustained consequential damages in an amount to be proven at trial.

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

27

5

This page may be used with any Judicial Council form or any other paper filed with the court.

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

PLD-C-001(2)

| SHORT TITLE:<br>Steiner v. Horizon | CASE NUMBER: |
|---|---|

SECOND _____ **CAUSE OF ACTION—Common Counts**
_(number)_

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

CC-1. Plaintiff _(name):_ Arlene Steiner

alleges that defendant _(name):_ Horizon Moving Systems, Inc., Horizon Moving System of Arizona, LL

became indebted to ☒ plaintiff ☐ other _(name):_

a. ☐ within the last four years
   (1) ☐ on an open book account for money due.
   (2) ☐ because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

b. ☑ within the last ☐ two years ☑ four years
   (1) ☑ for money had and received by defendant for the use and benefit of plaintiff. for work, labor,
   (2) ☐ services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff
       ☐ the sum of $
       ☐ the reasonable value.
   (3) ☐ for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
       ☐ the sum of $
       ☐ the reasonable value.
   (4) ☐ for money lent by plaintiff to defendant at defendant's request.
   (5) ☐ for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
   (6) ☐ other _(specify):_

CC-2. $ 12,500 estimated _____ , which is the reasonable value, is due and unpaid despite plaintiff's demand,
plus prejudgment interest ☑ according to proof ☐ at the rate of _____ percent per year
from _(date):_

CC-3. ☑ Plaintiff is entitled to attorney fees by an agreement or a statute
   ☐ of $
   ☑ according to proof.

CC-4. ☐ Other:

Page _____ 6 _____

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—Common Counts

Code of Civil Procedure, § 425.12
www.JuriSearch.com

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Steiner v. Horizon | |

THIRD _____        **CAUSE OF ACTION—Fraud**
　　　(number)

ATTACHMENT TO  [✓] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR- 1. Plaintiff *(name)*: Arlene Steiner

　　　alleges that defendant *(name)*: Horizon Moving Systems, Inc., Horizon Moving System of Arizona, LLC

　　　on or about *(date)*: 11/11/04　　　　　　　defrauded plaintiff as follows:

FR-2. [✓] **Intentional or Negligent Misrepresentation**
　　　a. Defendant made representations of material fact　　[ ] as stated in Attachment FR-2.a　　[✓] as follows:
　　　　　Defendant Horizon Moving Systems, Inc. (also known as Horizon Moving System of Arizona,
　　　　　LLC)through its employee, agent and representative. certified moving consultant, made
　　　　　representations regarding the purchase of an insurance policy with coverage at $75,000.00 for
　　　　　a premium which was paid by plaintiff.

　　　b. These representations were in fact false. The truth was　　[ ] as stated in Attachment FR-2.b　　[✓] as follows:
　　　　　Defendants and each of them have denied insurance coverage on a claim of $25,200.00
　　　　　presented by plaintiff.  Defendants and each of them state that they do not sell insurance
　　　　　coverage and any claim would not be paid in full.  Defendants have offered $675.00 on a loss
　　　　　of $25,200.00.

　　　c. When defendant made the representations,
　　　　　[ ] defendant knew they were false, or
　　　　　[✓] defendant had no reasonable ground for believing the representations were true.

　　　d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described
　　　　　in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed
　　　　　they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [✓] **Concealment**
　　　a. Defendant concealed or suppressed material facts　　[ ] as stated in Attachment FR-3.a　　[✓] as follows:
　　　　　Defendants and each of them on delivery of plaintiff's household goods cartons stated that she
　　　　　had no right to inspect and must take delivery and sign a receipt under California law.

　　　b. Defendant concealed or suppressed material facts
　　　　　[ ] defendant was bound to disclose.
　　　　　[✓] by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed
　　　　　or suppressed facts.

　　　c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act
　　　　　as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed
　　　　　facts and would not have taken the action if plaintiff had known the facts.

Page　6

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) (Rev. January 1, 2007)

**CAUSE OF ACTION—Fraud**

Code of Civil Procedure, § 426.12
www.JuriSearch.com

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Steiner v. Horizon | |

THIRD _____    **CAUSE OF ACTION—Fraud**
        (number)

FR-4. ☑ **Promise Without Intent to Perform**
    a. Defendant made a promise about a material matter without any intention of performing it ☐ as stated
       in Attachment FR-4.a ☑ as follows:
       Defendants and each of them, Horizon Moving Systems, Inc. and Horizon Moving System of
       Arizona, LLC promised to provide insurance coverage of $75,000.00 in the event of damage,
       destruction and loss of plaintiff's household goods, wares and furniture . Such promise was
       acted on by plaintiff by purchase of the insurance at a premium of $90.00 as evidenced by
       defendants' invoice attached and incorporated by reference in this complaint as Exhibit A.

    b. Defendant's promise without any intention of performance was made with the intent to defraud and induce
       plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of
       defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act ☐ as stated in Attachment FR-5
    ☑ as follows:
    Plaintiff hired defendant's employee, certified moving consultant, to supervise the packing, shipping,
    storage and delivery of plaintiff's household belongings. Defendant's employee, certified moving
    consultant, recommended insurance coverage at $75,000.00 for losses sustained during packing,
    shipping, storage and delivery of plaintiff's household belongings. Plaintiff acted upon this advice
    by payment of the premium of $90.00 as evidenced by the invoice attached as Exhibit A as a part of
    defendants' contract and incorporated by reference herein.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged ☐ as stated in
    Attachment FR- 6 ☑ as follows:
    As a direct result of plaintiff's reliance upon defendant's representations, plaintiff has sustained a loss
    of $25,200.00 she believed covered by an insurance policy with coverage at $75,000.00 for
    damaged, lost and destroyed household belongings, items of sentimental value and furnishings.

FIR - 7. Other:
    Sentimental value to items lost, destroyed and damaged by defendants and each of them at a value to
    be proven at trial.

CPC Campbell Printed Communications • 602-955-4460 • FAX 602-955-4764

INVOICE/STATEMENT

**Horizon Moving Systems, Inc.**

1717 E. Maricopa Freeway
P.O. Box 20507, Phoenix, AZ 85036
(602) 252-5566, FAX (602) 252-5433

Offices in Tucson, Phoenix, Sierra Vista, Flagstaff, Yuma

INVOICE NO.   11/11/04
NUMBER

STEINER, ARLENE
1150 AMADO DRIVE, #1706
PALM SPRINGS, CA 92262

SHIPPER   STEINER, ARLENE
ACCOUNT NUMBER 2   40

LOT NUMBER  410124-P
FROM 10/25/04 TO 11/29/04
ORDER # 005800020134

BALANCE FORWARD          1,117.20
STORAGE      14,500.00      468.60
INSURANCE    75,000.00       90.00
TOTAL DUE                 1,675.80

AGING OF AMOUNTS DUE
CURRENT      1,675.80

A FINANCE CHARGE is computed on a periodic rate of 1½% per month which is an ANNUAL PERCENTAGE RATE of 18% on any previous balance not paid within 30 days.

PLEASE RETURN YELLOW PORTION WITH REMITTANCE

**EXHIBIT B**

**ESTIMATE/ORDER FOR SERVICE (OPTION CC. NO. COMPARISON) BETWEEN A CARRIER A**

CONSIGNEE

HRS XXXXXXX

ORIGIN: 5704 ECHO CANYON
DEST. PALM SPRS RIVERSIDE 92062 CA

NOTIFY IN CASE OF: ☐ DELAY ☐ CHARGES

EST PHOENIX 0982 MARICOPA 0085

PACKING DATE 3/01

☒ GUARANTEED SERVICE DATES (IF APPLICABLE) DAILY ALLOWANCE (IF APPLICABLE)
☒ C.O.D. ☐ PPD. ☐ GOV. ☐ NAT. ACCT. NO.

BILL TO:
P.O. BOX /
STREET:
CITY & STATE
ATTN:

0958 HORIZON MOVING SYSTEMS 0 602-2525566
1717 E. MARICOPA FREE PHOENIX        AZ
0958 HORIZON MOVING SYSTEMS 0 602-2525566
1717 E. MARICOPA FREE PHOENIX        AZ

| COST OF CONTAINERS, PACKING AND UNPACKING SERVICES | CONTAINERS | | | PACKING SCH. ( 2 ) | | | UNPACKING SCH. ( 3 ) | | | COMMODITY CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| | NUMBER | PER EACH | TOTAL | NUMBER | PER EACH | TOTAL | NUMBER | PER EACH | TOTAL | HHGD |
| DISH PACKS | | | 22 | 17 | 76.91 | 1307.47 | | | 5 | |
| CARTONS 3 CU. FT. | | | 16 | 10 | 27.72 | 277.20 | | | | |
| CARTONS 4 1/2 CU FT. | | | 10 | 6 | 33.52 | 201.12 | | | | |
| WARDROBE CTN | | | 15 | 12 | 39.11 | 469.32 | | | | |
| QUEEN/KING MATTRESS | | | 4 | 4 | 54.79 | 219.16 | 4 | 14.52 | 58.08 | |
| CORR MIRROR CTN | | | 18 | 5 | 66.78 | 333.90 | | | | |
| SUBTOTAL | | | | | | 2808.17 | | | 58.08 | |
| TL PKG REDUCED 64.00% | | | | | | 1010.94 | | | 20.91 | 1,031.85 |

LOADING CONDITIONS:
EXCESSIVE DISTANCE Y/N
ELEVATOR Y/N
SHUTTLE POSSIBLE Y/N
FLIGHT Y/N

DELIVERY CONDITIONS:
EXCESSIVE DISTANCE Y/N
ELEVATOR Y/N
SHUTTLE POSSIBLE Y/N
FLIGHT Y/N

| | MIN. WT. | CUBIC FEET | CONTRACT NO. | TARIFF | SECT | EXCEPTION | MILES | PERCENT | RATE |
|---|---|---|---|---|---|---|---|---|---|
| | | 1,571 | | 400N | 3 | | 64.00 | | 7439.86 |

IF AUTO, ENTER
YEAR
MAKE
MODEL

| WEIGHT | | BASE | | EXCESS | CHARGE | TRANSPORTATION CHARGES |
|---|---|---|---|---|---|---|
| HHG'S | AUTO | TOTAL | WEIGHT | CHARGE | WEIGHT | RATE |
| 11,000 | | 11,000 | | | | 2678.35 |

SPECIAL INSTRUCTIONS/COMMENTS

SHIPPER REQUESTS TO VIEW WEIGHINGS: YES ☐ NO ☒

| DESCRIPTION | RATE | OTHER CHARGES |
|---|---|---|
| ORIG SERV CHRG | 2.68 | 294.80 |
| DEST SERV CHRG | 3.16 | 347.60 |
| SUBTOTAL - ACCS | | 642.40 |
| TL ADDL SERV REDUCED | 64.00% | 231.26 |
| FUEL SURCHG | 2678.35 | .0500 | 133.92 * |
| DRAY FUEL SC | 836.75 | .0500 | 41.84 * |
| CRATES | | 217.00 * |
| FULL VALUE | $60,000 | 511.00 | 511.00 * |
| INS. RELATED | 2678.35 | .0400 | 107.13 * |
| INS. RELATED | 836.75 | .0400 | 33.47 * |
| SUBTOTAL - EXCL FROM DISC | | 1044.36 * |

| SIT P/D | BASE | | EXCESS | CHARGE | |
|---|---|---|---|---|---|
| MILES | WEIGHT | CHARGE | WEIGHT | RATE | |
| | 11000 | 03347.00 | | | 3,347.00 N |
| 1ST DAY 1000# | | 2/27/04 | | 10.14 | 1,115.40 N |
| 2ND DAY | 022804 | 1 | | .34 | 37.40 N |
| SUBTOTAL SIT | | | | | 4,499.80 |
| TOTAL STORAGE REDUCED | | | | 75.00 | 1124.95 |
| EXTENDED VALUATION | | | | | 51.10 * |

TOTAL OF BOUND SERVICES $ 4,744.61
TOTAL NON-BOUND SERVICES $ 1,417.26 N
TOTAL ESTIMATE $ 6,161.87
$ 6023.00

The value of your shipment is: $ 60,000.—

You should sign below only if you wish this carrier to perform all the services required. By signing, shipper also acknowledges receipt of the Order for Service.

X _____  DATE _____
(Carrier's Representative)        (Agent Code)

X _____  DATE _____
SHIPPER'S SIGNATURE

1 UNITED DRIVE
FENTON, MO 63026
PHONE (636) 326-3100

PARTICIPATING
CARRIER (IF ANY)

958 02013 4

THIS SHIPMENT IS **BOUND ESTIMATE (OPTION C - COMPARISON)** BETWEEN UVLN AND SHIPPER.

SHIPPER ARLENE STEINER      602-9521130      CONSIGNEE ARLENE STEINER
COMPANY (ASSOCIATED WITH)

STREET ADDRESS 3704 ECHO CANYON            STREET ADDRESS

ORIGIN PHOENIX   MARICOPA   007 AZ    DEST PALM SPRS  RIVERSIDE 033 CA
92262

| AGREED PICK-UP PERIOD | | AGREED DELIVERY PERIOD | | NOTIFY IN CASE OF: ☐ DELAY ☐ CHARGES |
| EARLIEST | LATEST | EARLIEST | LATEST | NAME |
| 2/27 | 2/27 | 3/07 | 3/07 | ADDRESS / CITY |

☐ GUARANTEED SERVICE DATES–DAILY ALLOWANCE (if applicable, per tariff) Reasonable Commercial Lodging & 50% Food
XX

☐ C.O.D.  ☐ PPD.  ☐ GOV.  ☐ NAT. ACCT. NO.

BILL TO:
P.O. BOX /
STREET:
CITY & STATE
ATTN:

☐ EXCLUSIVE USE OF A                 CU. FT. VEHICLE ORDERED (MIN. 1400 CU. FT.)
☐ SPACE RESERVATION                  CU. FT. ORDERED (MIN. 300 CU. FT.)
☐ SELECTED DELIVERY DATE SERVICE REQUESTED. SHIPMENT TO BE TRANSPORTED

AT AGREED MINIMUM WEIGHT OF               POUNDS.
SIGNATURE OF SHIPPER X
OR THEIR AGENT

| COST OF CONTAINERS, PACKING AND UNPACKING SERVICES | CONTAINERS | | | | PACKING SCHEDULE ( ) | | | | UNPACKING SCHEDULE ( ) | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | NUMBER | BY AGT. | PER EACH | TOTAL | NUMBER | BY AGT. | PER EACH | TOTAL | NUMBER | BY AGT. | PER EACH | TOTAL |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| TOTAL CONTAINERS ▶ | | | | TOTAL PACKING ▶ | | | | TOTAL UNPACKING ▶ | | | | |

Max Pack _____ lbs. x $ _____ cwt = $ _____

ORIGINAL      REWEIGH
LBS. GROSS
LBS. TARE                ☐ SHIPPER REQUESTED REWEIGH
LBS. NET                 ☐ SHIPPER WAIVES RIGHT TO OBSERVE
MIN. WT.                   REWEIGH [SHIPPER'S INITIALS]

**CUSTOMER'S DECLARATION OF VALUE**
THIS IS A TARIFF LEVEL OF CARRIER LIABILITY – IT IS NOT INSURANCE
You must select, in your handwriting, one of the following two options for your coverage.
The option you select establishes your mover's maximum liability for your goods, subject to the rules contained in your mover's tariff.

OPTION 1: Full (Replacement) Value Protection. If any article is lost, destroyed or damaged while in your mover's custody, your mover will either 1) repair the article to the extent necessary to restore it to the same condition as when it was received by your mover, or pay you for the cost of such repairs; or 2) replace the article with an article of like kind and quality, or pay you for the cost of such a replacement. An additional charge applies for this option.

To select Option 1, you must write, on the line below, either a lump sum dollar amount for the value of your shipment that may not be less than $5000, or an amount per pound that may not be less than $5.00 per pound, whichever is greater.

The value of my shipment is: **PER CONTRACT**

You must also select one of the following deductible amounts that will apply to your shipment:
No Deductible ( )   $250 Deductible ( )   $500 Deductible ( )
                    (Initial)            (Initial)           (Initial)

OPTION 2: Released Value of 60 Cents Per Pound Per Article. If any article is lost, destroyed or damaged while in your mover's custody, your mover's liability is limited to the actual weight of the lost, destroyed or damaged article multiplied by 60 cents per pound per article. This is the basic liability level and is provided at no charge. It is considerably less than the average value of household goods.

To select Option 2, you must write, on the line below, the words "60 cents per pound".

The value of my shipment is: **PER CONTRACT**

Your signature is required here: I acknowledge that I have 1) declared a value for my shipment and selected a deductible amount, if appropriate, and 2) received and read a copy of the "Your Rights & Responsibilities" booklet. You must examine explaining these provisions.

_____ 11/03/04
(Customer's Signature)      (Date)

EXTRAORDINARY (UNUSUAL) VALUE ARTICLE DECLARATION: I acknowledge that I have prepared and retained a copy of the "Inventory of Items Valued in Excess of $100 Per Pound Per Article" that are included in my shipment and that I have given a copy of this inventory to the mover's representative. I also acknowledge that the mover's liability for loss of or damage to any article valued in excess of $100 per pound will be limited to $100 per pound for each pound of such lost or damaged article (based on actual article weight), not to exceed the declared value of the entire shipment, unless I have specifically identified such articles for which a claim for loss or damage is made on the attached inventory.

_____ _____
(Customer's Signature)      (Date)

| CONTRACT NO. | TARIFF | SECT | EXCEPTION | MILES | PERCENT | RATE |
|---|---|---|---|---|---|---|
| | | | | | | |

| TOTAL WEIGHT | | BASE | | EXCESS | | TRANSPORTATION CHARGE |
| 400N | | WEIGHT | CHARGE | WEIGHT | RATE | |

DESCRIPTION            RATE      OTHER CHARGES

| AGENT | CODE | NAME | PHONE NO. |
|---|---|---|---|
| Book | 958 | HORIZON MOVING | SY6022525566 |
| Dest. | 958 | HORIZON MOVING | SY6022525566 |
| Origin | 958 | HORIZON MOVING | SY6022525566 |
| G-11 | 958 | HORIZON MOVING | SY6022525566 |

| | BASE | | EXCESS | |
| MILES | WEIGHT | CHARGE | WEIGHT | RATE |

BILL OF LADING COMPLETED BY                DATE
| DRIVER | VAN NO. | PICKUP DATE | FROM | TO |
| 95019 | 805858 | 11-3-04 | 9120wHS | PalmSprgs |

1st DAY    DATE IN
2ND DAY    TO       NO. DAYS
WAREHOUSE HANDLING

EXTENDED VALUATION

DRIVER SIGNATURE FOR BILL OF LADING        DELIVERED BY/DRIVER SIGNATURE UVN
DRIVER CODE _____ DATE 11-3-04        _____ DATE 1-4-04

**PAYMENT ACKNOWLEDGMENT**
| PREPAYMENT REC'D | DATE | CODE | TOTAL PREPAID |
| PAYMENT REC'D AT DESTINATION | DATE | CODE | BAL. DUE |

**DELIVERY ACKNOWLEDGMENT**
SHIPMENT WAS RECEIVED IN APPARENT GOOD CONDITION EXCEPT AS NOTED ON INVENTORY AND SERVICES ORDERED WERE PERFORMED

SIGNED X Arlene Steiner        DATE 1/04/04

REC'D FOR STORAGE
_____ (Warehouse)
BY _____
(Warehouseman's Signature)   Date        Control No.

COLLECT SHIPMENTS: Unless other payment arrangements are made with the carrier in writing signed by the carrier, this shipment is a collect shipment. Collect shipments must be paid in U.S. funds, by cash, certified check, traveler's check or bank check (drawn by a bank on itself). All points that may be payable to the carrier. All charges subject to audit and if necessary will be corrected by refund or additional billing.

63TEL-01 (Rev. 07/04)        **IMPORTANT - SEE TERMS ON THE REVERSE SIDE**

1. CARRIER DELIVERY RECEIPT CONSIGNEE OR WHSEMAN SIGNS - ON DELIVERY DRIVER MAILS TO HOME OFFICE

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of   California.  I am over the age of 18 and not a party to the within action; my business address is: 21550 Oxnard Street, Main Plaza, Suite 200, Woodland Hills, California.

On May 16, 2008, I served the foregoing document described as:

·  **Notice of Interested Parties, Notice for Removal to FederalCourt and Civil Cover Sheet.**

on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Bonnie Kramer, Esq.
225 South Civic Center Drive
Palm Springs, CA 92262
Phone: 760-325-1334  Fax:  760-327-5789

[x]     (BY MAIL)  I am familiar with the ordinary business practice of the law firm of Stone, Rosenblatt & Cha for collection and processing of correspondence for mailing with the United States Postal Service at the aforementioned place of business and that the above-entitled document was placed in a sealed envelope and deposited for collection and mailing on the date stated above, following such ordinary practices, and in such manner as to cause it to be deposited with the United States Postal Service that same day, with postage thereon fully prepaid, in the ordinary course of business, addressed as indicated above.

[]      (BY E-MAIL) I caused such document to be e-mailed to the addressee.

[]      (BY FACSIMILE TRANSMISSION) I caused such document to be faxed to the addressee.

[]      (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[]      (BY EXPRESS MAIL, CCP 1013(c,d) I caused such envelope with postage thereon fully prepaid to be placed in the box regularly maintained by the express service carrier, Federal Express, at 21550 Oxnard Street, Suite 200, Woodland Hills, California, copies of the routing slips attached hereto.

[X]     Executed on May 16, 2008 at Woodland Hills, California.

[X]     (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[]      (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Judith Nourse

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

## EDCV08- 682 VAP (CTx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**I (a)  PLAINTIFFS** (Check box if you are representing yourself ☐)
Arlene Steiner

NO EMAIL PROVIDED

**DEFENDANTS**
Horizon Moving Systems, Inc., and Horizon Moving System of Arizona, LLC

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Riverside

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Bonnie Kramer, Esq.
Law office of Kramer & Kramer
225 South Civic Drive, Suite 215
Palm Springs, CA 92262

Attorneys (If Known)
Gregg S. Garfinkel (156632)
Leslie A. Blozan (81481)
STONE ROSENBLATT & CHA
STONE ROSENBLATT & CHA
Woodland Hills, CA 91367
(818)999-2232

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Petition for Removal 28 USC Sec. 1331, 1337, based on Carmack action 49 USC Sec. 14706

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litig. |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determina-tion Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ No ☐ Yes

If yes, list case number(s): ED CV 08 - 00682 VAP CT

**FOR OFFICE USE ONLY:**  Case Number: _____

CV-71 (07/05)                    CIVIL COVER SHEET                    Page 1 of 2
                                                                      CCD-JS44

MAY 16 2008

UNITED _.ATES DISTRICT COURT, CENTRAL DISTRIC\_ .: CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b).  RELATED CASES: Have any cases been previously filed that are related to the present case?     [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related If a previously filed case and the present case:

(Check all boxes that apply)  [ ] A. Arise from the same or closely related transactions, happenings, or events; or
   [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
   [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   [ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above
      in a, b or c also is present.

IX.  VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)

[ ] Check here if the U.S. government, its agencies or employees is a named plaintiff.

*RIVERSIDE*

List the California County, or State if other than California, in which EACH named defendant resides.   (Use an additional sheet if necessary).

[ ] Check here if the U.S. government, its agencies or employees is a named defendant.

*RIVERSIDE*

List the California County, or State if other than California, in which EACH claim arose.   (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Riverside County

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  _5/16/08_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States In September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health Insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability Insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's Insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers Insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (07/05)                     CIVIL COVER SHEET                     Page 2 of 2

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the county of Los Angeles, State of    California.  I am over the age of 18 and not a party to the within action; my business address is: 21550 Oxnard Street, Main Plaza, Suite 200, Woodland Hills, California.

    On May 16, 2008, I served the foregoing document described as:

-   **Notice of Interested Parties, Notice for Removal to FederalCourt and Civil Cover Sheet.**

on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Bonnie Kramer, Esq.
225 South Civic Center Drive
Palm Springs, CA 92262
Phone: 760-325-1334  Fax:  760-327-5789

[x]    (BY MAIL)  I am familiar with the ordinary business practice of the law firm of Stone, Rosenblatt & Cha for collection and processing of correspondence for mailing with the United States Postal Service at the aforementioned place of business and that the above-entitled document was placed in a sealed envelope and deposited for collection and mailing on the date stated above, following such ordinary practices, and in such manner as to cause it to be deposited with the United States Postal Service that same day, with postage thereon fully prepaid, in the ordinary course of business, addressed as indicated above.

[]    (BY E-MAIL) I caused such document to be e-mailed to the addressee.

[]    (BY FACSIMILE TRANSMISSION) I caused such document to be faxed to the addressee.

[]    (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[]    (BY EXPRESS MAIL, CCP 1013(c,d) I caused such envelope with postage thereon fully prepaid to be placed in the box regularly maintained by the express service carrier, Federal Express, at 21550 Oxnard Street, Suite 200, Woodland Hills, California, copies of the routing slips attached hereto.

[X]    Executed on May 16, 2008 at Woodland Hills, California.

[X]    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                                         *Judith Nourse*