O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE STEINER,<br><br>    Plaintiff,<br><br>    v.<br><br>HORIZON MOVING SYSTEMS, INC., and HORIZON MOVING SYSTEM OF ARIZONA, LLC,<br><br>    Defendants. | Case No. EDCV 08-682-VAP (CTx)<br><br>**[Motion filed on June 13, 2008]**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER REMANDING REMOVED ACTION** |

The Court has received and considered all papers filed in support of, and in opposition to, Plaintiff's "Motion for Order Remanding Removed Action to State Court."  The Motion is appropriate for resolution without oral argument.  <u>See</u> Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons set forth below, the Court DENIES the Motion.

///

///

///

# I. BACKGROUND

**A.  Procedural Background**

Plaintiff Arlene Steiner filed a form Complaint in the California Superior Court for the County of San Bernardino on October 4, 2007, alleging claims for breach of contract, negligence, and fraud against Defendants Horizon Moving Systems, Inc. and Horizon Moving System of Arizona, LLC (collectively, "Horizon").

On May 16, 2008, Defendants filed a "Notice for Removal" ("Notice") in this Court and premised their removal on federal question jurisdiction and federal jurisdiction of actions brought under 49 U.S.C. section 14706.  [See Notice for Removal ¶ 2 (citing 28 U.S.C. §§ 1331, 1337).]  With respect to the timeliness of removal, Defendants stated that they did not learn the case could be removed until they took Plaintiff's deposition on April 18, 2008.  (Notice ¶ 8.)

On June 13, 2008, Plaintiff filed a "Motion for Order Remanding Removed Action to State Court" ("Motion" or "Mot.") and the Declaration of Bonnie Kramer.  Defendants filed Opposition and the declarations of Leslie A. Blozan ("Blozan Decl.") and Bruce Dusenberry on June 27, 2008.
///
///
///

**B.   Factual Background**

Plaintiff alleges that she entered into an agreement with Defendants for the packing, shipping, storage, and delivery of her household goods. (Compl. at 4.) On the recommendation of Defendants' employee, Plaintiff paid an additional fee for insurance coverage. (Id.) Defendants breached the contract by delivering damaged goods and by losing some of Plaintiff's household goods. (Id.) The amount of loss was appraised at $25,200. (Id.) Defendants further breached the contract by denying the existence of insurance coverage and denying her claim for coverage. (Id.) Defendants' employee also misrepresented to Plaintiff that she could not inspect the goods before accepting delivery. (Id.)

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441 et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

1  Removal is inappropriate when the district court would
2  not have original jurisdiction over the case.  <u>See</u> 28
3  U.S.C. § 1441(a).  A case shall be remanded when the
4  court lacks subject matter jurisdiction.  <u>See</u> 28 U.S.C. §
5  1447(c).

### III. DISCUSSION

Plaintiff requests remand of this action to Superior Court on grounds that (1) Defendants' removal was untimely, and (2) Plaintiff brings claims only under California law that do not support federal question subject matter jurisdiction.

**A.   Timeliness of Removal**

A notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b).  Where "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order <u>or other paper</u> from which it may first be ascertained that the case is one which is or has become removable."  <u>Id.</u> (emphasis added).

Here, Defendants have removed this action based on federal jurisdiction under the Carmack Amendment to the

Interstate Commerce Act, 49 U.S.C. section 14706 and 29 U.S.C. section 1337.  Section 14706 limits a carrier's liability under an interstate bill of lading to "the actual loss or injury to the property caused by" the carrier.  49 U.S.C. § 14706(a).  A district court has original jurisdiction of claims under the Carmack Amendment where the amount in controversy exceeds $10,000.  28 U.S.C. § 1337.

Setting aside whether removal on this ground was proper as a substantive matter, which is addressed below, Defendants timely removed the Complaint within thirty days of "receipt . . . of . . . other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).  At the time Plaintiff filed the Complaint, the applicability of the Carmack Amendment was not apparent on the face of her pleading.  In discussions between counsel for the parties, Plaintiff's counsel indicated that the shipment of goods at issue occurred within the state of California.  (Blozan Decl. ¶ 4.)  After Defendants deposed Plaintiff on April 18, 2008, they confirmed that she had in fact "ordered her goods delivered out of storage in Arizona."  (Declaration of Leslie A. Blozan in Support of Petition for Removal of Action, filed May 16, 2008, ¶ 4.)  Courts have found that a defendant may remove under the "other paper" provision of section

1446(b) based on a plaintiff's discovery responses or deposition testimony.  See Huffman v. Saul Holdings, Ltd., 194 F.3d 1072, 1078 (10th Cir. 1999) (finding that a majority of federal district courts do not require receipt of "an actual written document" and holding that deposition testimony qualifies as an "other paper"); Riggs v. Continental Baking Co., 678 F. Supp. 236, 238 (N.D. Cal. 1988) (accord).

    Defendants filed their "Notice for Removal" on May 16, 2008, within thirty days of Plaintiff's April 18, 2008, deposition.  Accordingly, Defendants timely removed the Complaint and Plaintiff's Motion is denied to the extent it relies on this ground for remand.

**B.    Complete Preemption under the Carmack Amendment**

    Federal question jurisdiction exists only when the federal question appears on the face of a well-pleaded complaint.  Caterpillar v. Williams, 482 U.S. 386, 392 (1987).  The "well-pleaded complaint" rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Id.  Indeed, "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede

///

that the federal defense is the only question truly at issue." <u>Id.</u> at 393 (emphasis in original).

In some cases, however, the preemptive force of a federal statute may completely preempt a state claim, effectively transforming a state law claim into a federal one for purposes of the "well-pleaded complaint" rule. <u>Id.</u> Complete preemption does not apply merely because a state court would have to interpret a federal statute to decide the claim's merit. <u>Id.</u> at 398. Rather, the preemptive force of the federal statute must displace any state cause of action for the alleged violation. <u>Id.</u> at 394. Further, courts are reluctant to infer federal preemption of fields of traditional state regulation "unless that was the clear and manifest purpose of Congress." <u>California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.</u>, 519 U.S. 316, 325 (1997).

The Ninth Circuit ruled recently that Carmack Amendment preemption is among the "handful of extraordinary situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes." <u>Hall v. N. Am. Van Lines, Inc.</u>, 476 F.3d 683, 687-88 (9th Cir. 2007) (internal quotation and citation omitted). The Carmack Amendment provides the exclusive claim for damages arising out of

an interstate shipping contract, and the statute completely preempts a state law contract claim for recovery of such damages. Id. at 688. Here, the Complaint seeks approximately $25,000 for damage to Plaintiff's property allegedly resulting from a breach of an interstate shipping contract. Plaintiff's contract claim therefore is completely preempted and presents a federal question. Id. at 689.

Plaintiff contends Defendants have violated certain licensing and claims handling provisions of the California Insurance Code, giving rise to a claim under state unfair competition law. (Mot. at 3:15-19.) According to Plaintiff, such claims are the exclusive province of the state and cannot be preempted by federal law. (Mot. at 4:6-12.) Even if Plaintiff's argument is correct on the merits, an issue on which the Court expresses no opinion, her Complaint does not plead any claims under the unfair competition law or any other legal theory based on a violation of the state Insurance Code. This argument therefore is unavailing.

Accordingly, Defendants have carried their burden to show a basis for removal jurisdiction, and Plaintiff's Motion is denied.

///
///

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's "Motion for Order Remanding Removed Action to State Court."  Defendants shall re-file any Answer filed in state court in this Court.  (See Standing Order ¶ 11.)

Dated: July 25, 2008

VIRGINIA A. PHILLIPS
United States District Judge