1

2

3                                                          O

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11   ARLENE STEINER,            )   Case No. EDCV 08-682-VAP
                                )   (CTx)
12                Plaintiff,    )
                                )   **[Motions filed on September**
13        v.                    )   **26, 2008 and September 30,**
                                )   **2008]**
14   HORIZON MOVING SYSTEMS,    )
     INC., and HORIZON MOVING   )   **ORDER DENYING PLAINTIFF'S**
15   SYSTEM OF ARIZONA, LLC,    )   **MOTION TO COMPEL ARBITRATION**
                                )   **AND MOTION FOR RELIEF FROM**
16                Defendants.   )   **UNTIMELY FILING OF COMPLAINT**
     _____)
17

18        The Court has received and considered all papers

19   filed in support of the Plaintiff's Motion to Compel

20   Arbitration and Motion for Relief from Untimely Filing of

21   Complaint.  These Motions are appropriate for resolution

22   without hearing.  See Fed. R. Civ. P. 78; Local Rule 7-

23   15.  The hearing set on November 3, 2008 at 10:00 a.m. is

24   VACATED.  For the reasons set forth below, the Court

25   DENIES the Motions.

26   ///

27   ///

28

# I. BACKGROUND

## A.  Factual Background

Plaintiff alleges that she entered into an agreement with Defendants for the packing, shipping, storage, and delivery of her household goods.  (<u>See</u> Compl. at 4.)  On the recommendation of Defendants' employee, Plaintiff paid an additional fee for insurance coverage.  (<u>Id.</u>) Defendants breached the contract by delivering damaged goods and by losing some of Plaintiff's household goods. (<u>Id.</u>)  The amount of loss was appraised at $25,200. (<u>Id.</u>)  Defendants further breached the contract by denying the existence of insurance coverage and denying her claim for coverage.  (<u>Id.</u>)  Defendants' employee also misrepresented to Plaintiff that she could not inspect the goods before accepting delivery.  (<u>Id.</u>)

## B.  Procedural Background

Plaintiff Arlene Steiner filed a form Complaint in the California Superior Court for the County of San Bernardino on October 4, 2007, alleging claims for breach of contract, negligence, and fraud against Defendants Horizon Moving Systems, Inc. and Horizon Moving System of Arizona, LLC (collectively, "Horizon").

On May 16, 2008, Defendants filed a "Notice for Removal" ("Notice") in this Court and premised their removal on federal question jurisdiction and federal

jurisdiction of actions brought under 49 U.S.C. section 14706.  (<u>See</u> Notice for Removal ¶ 2 (citing 28 U.S.C. §§ 1331, 1337).)  On June 13, 2008, Plaintiff filed a "Motion for Order Remanding Removed Action to State Court," which the Court denied on July 25, 2008.

On September 26, 2008, Plaintiff filed a "Motion to Compel Arbitration."  On September 30, 2008, Plaintiff filed a "Motion for Order to Allow Relief from Untimely Filing of Complaint on the Grounds of Mistake, Inadvertence, Excusable Neglect."  Defendants filed Opposition to Plaintiff's Motions on October 17, 2008.[1]

## II. DISCUSSION

**A.   Relief From Untimely Filing of Complaint on the Grounds of Mistake, Inadvertence, Excusable Neglect**

Plaintiff seeks relief under Federal Rule of Civil Procedure 60.  (<u>See</u> Mot. at 2.)  According to Plaintiff, "Plaintiff's counsel did not receive notice by mail of an order to file a new complaint."  (<u>Id.</u>)  Plaintiff received no notice because the Court issued no such order.  The Court did issue a "Standing Order" on May 21, 2008 which states "The plaintiff shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3."  This

_____

[1] Defendants re-filed their Opposition papers on October 28, 2008 to delineate their arguments on both of Plaintiff's Motions.

Order provides the general rules governing civil cases in
this Court; nowhere in the Standing Order did the Court
direct this Plaintiff to re-file her complaint.

Plaintiff has not demonstrated any basis for relief
under Rule 60, nor even how that Rule applies here.
Thus, Plaintiff's Motion is DENIED.

**B.   Motion to Compel Arbitration**

Plaintiff moves the Court for an order compelling
arbitration of this case and staying the proceedings
under 9 U.S.C. §§ 1-16.  (See Mot. at 1.)

**1.   Legal Standard**

Under the Federal Arbitration Act ("FAA"), "upon
being satisfied that the making of the agreement for
arbitration . . . is not in issue the court shall make an
order directing the parties to proceed to arbitration in
accordance with the terms of the agreement."  9 U.S.C. §
4.  The district court must determine (1) whether a
valid, enforceable arbitration agreement exists and (2)
whether the claims asserted in the complaint are within
the scope of the arbitration agreement.  Id.; Howard
Elec. & Mech. Co., Inc. v. Frank Briscoe Co., Inc., 754
F.2d 847, 849 (9th Cir. 1985); Chiron Corp. v. Ortho
Diagnostic System, Inc., 207 F.3d 1126, 1130 (9th Cir.
2000).

1    The FAA requires that "[a] written provision in any .
2  . . contract evidencing a transaction involving commerce
3  to settle by arbitration a controversy thereafter arising
4  out of such contract or transaction, . . . shall be
5  valid, irrevocable, and enforceable, save upon such
6  grounds as exist at law or in equity for the revocation
7  of any contract."  9 U.S.C. § 2.  Commerce is defined as
8  "commerce among the several States or with foreign
9  nations, or in any Territory of the United States or in
10 the District of Columbia, or between any such Territory
11 and another, or between any such Territory and any State
12 or foreign nation, or between the District of Columbia
13 and any State or Territory or foreign nation . . . ."  9
14 U.S.C. § 1.  Through the FAA, Congress created a liberal
15 federal policy favoring arbitration agreements.  Perry v.
16 Thomas, 482 U.S. 483, 489 (1987) (quoting Moses H. Cone
17 Memor'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24
18 (1983)).

19

20    "[A]ny doubts concerning the scope of arbitrable
21 issues should be resolved in favor of arbitration. . . ."
22 Moses, 460 U.S. at 24-25.  "The standard for
23 demonstrating arbitrability is not high. . . .  Such
24 [arbitration] agreements are to be rigorously enforced."
25 Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 719 (9th
26 Cir. 1999) (citations omitted).

27

28

5

1    The FAA's enactment "was motivated, first and
2  foremost, by a congressional desire to enforce agreements
3  into which parties had entered."  <u>Volt Info. Sciences,</u>
4  <u>Inc. v. Board of Tr. of Leland Stanford Junior Univ.</u>, 489
5  U.S. 468, 478 (1989).  "[T]he FAA does not require
6  parties to arbitrate when they have not agreed to do so .
7  . . .  It simply requires courts to enforce privately
8  negotiated agreements to arbitrate, like other contracts,
9  in accordance with their terms."  <u>Id.</u>

10

11    When a court analyzes the underlying contract
12 containing the arbitration clause, state law principles
13 concerning the formation and enforcement of contracts
14 apply.  <u>First Options of Chicago, Inc., v. Kaplan</u>, 514
15 U.S. 938, 944 (1995).  Under California law,[2] "[t]he
16 language of a contract is to govern its interpretation,
17 if the language is clear and explicit, and does not
18 involve an absurdity."  Cal. Civ. Code § 1638.
19 Additionally, "words of a contract are to be understood
20 in their ordinary and popular sense, rather than
21 according to their strict legal meaning; unless used by
22 the parties in a technical sense, or unless a special
23 meaning is given to them by usage, in which case the
24 latter must be followed."  Cal. Civ. Code § 1644.

25 _____

26    [2]  The parties appear to be in agreement that
   California law should be applied; the contract contains a
27 choice of law provision, stating that California law
   governs any dispute that may arise.  (<u>See</u> Mot. Ex. 1 at ¶
28 15.)

1        **2. Alleged Contract Provision**

2        The contract at issue is not in the record before the

3   Court on this Motion.  Plaintiff alleges the contract

4   contains the following provision:

5        "The parties agree that any claim or dispute between

6        them or against any agent, employee, successor or

7        assign of the other, whether related to this evidence

8        or otherwise, and any claim or dispute related to

9        this evidence or the relationship or duties

10        contemplated under this contract, including the

11        validity of this arbitration clause, shall be

12        resolved by binding arbitration by the National

13        Arbitration Forum, under the Code of Procedure then

14        in effect.  Any award of the arbitration may be

15        entered as judgment in any court of competent

16        jurisdiction.  This evidence shall be interpreted

17        under the Federal Arbitration Act."[3]  (Mot. at 2-3.)

18

19        Plaintiff argues she "requested arbitration from

20   defendants by means of a written request ... served by

21   certified mail" which the Defendants declined.

22   (See Kramer Decl. at ¶ 4-5.)

23

24   _____

        [3] Plaintiff does not allege in which contract this

25   provision appears, whether the Arizona warehouse receipt
     and storage agreement, the Arizona interstate bill of

26   lading, or any other contract.  The Court notes the
     quoted language does not appear in the "Contract Terms

27   and Conditions of Uniform Household Goods Bill of
     Landing" attached as Exhibit A to the Declaration of

28   Leslie A. Blozan.

                                7

1    Arbitration rights are subject to constructive waiver
2  if three conditions are met: (1) the waiving party must
3  have knowledge of an existing right to compel
4  arbitration; (2) there must be acts by that party
5  inconsistent with such an existing right; and (3) there
6  must be prejudice resulting from the waiving party's
7  inconsistent acts.  See Brown v. Dillard's, Inc., 430
8  F.3d 1004, 1012 (9th Cir. 2005); United Computer Systems,
9  Inc. v. AT & T Corp., 298 F.3d 756, 765 (9th Cir. 2002)
10 (citing Hoffman Const. Co. v. Active Erectors, 969 F.2d
11 796, 798-99 (9th Cir. 1992)).

12

13   Here, Plaintiff at least had constructive, if not
14 actual, knowledge of the existing right to compel
15 arbitration upon signing the agreement allegedly
16 containing the arbitration provision.  The second
17 requirement for waiver exists here, as Plaintiff has
18 acted inconsistently with the existing right by filing a
19 lawsuit in lieu of seeking arbitration of her claims.
20 The third requirement, prejudice to the Defendant, also
21 is satisfied.  Defendants have incurred costs and
22 attorney's fees for litigating this case for over a year,
23 from its commencement on October 4, 2007 in the
24 California Superior Court, to date.  Throughout this
25 litigation, during which Defendants filed a notice of
26 Removal to federal court, and opposed Plaintiff's Motion
27
28

1    to Remand, Plaintiff never sought to arbitrate her
2    claims.
3
4        Although the costs of litigation do not constitute
5    prejudice in most cases, see United Computer Systems,
6    Inc., 298 F.3d at 765, in this case Plaintiff's delay
7    constitutes prejudice.  Plaintiff chose to bring the
8    lawsuit in this Court and to litigate her claims instead
9    of seeking relief through the arbitration process; only
10   now, after over a year of litigation, and after her
11   Motion for Remand was denied, does she seek arbitration.
12
13       Plaintiff's belated attempt to use arbitration as a
14   method of forum shopping is prejudicial to Defendants.
15   See, e.g., St. Mary's Med. Ctr. Of Evansville, Ind. v.
16   Disco Aluminum Prods. Co., 969 F.2d 585, 589 (7th Cir.
17   1992) ("A party may not normally submit a claim for
18   resolution in one forum and then, when it is disappointed
19   with the result in that forum, seek another forum");
20   Kramer v. Hammond, 943 F.2d 176, 179 (2nd Cir. 1991)
21   ("Prejudice can be substantive, such as when a party
22   loses a motion on the merits and then attempts, in
23   effect, to relitigate the issue by invoking
24   arbitration"); Jones Motor Co. v. Chauffeurs, Teamsters &
25   Helpers Local Union, 671 F.2d 38, 43 (1st Cir. 1982) ("to
26   require that parties go to arbitration despite their
27   having advanced so far in court proceedings before
28

1  seeking arbitration would often be unfair, for it would
2  effectively allow a party sensing an adverse court
3  decision a second chance in another forum").
4
5      Given Plaintiff's knowledge of her ability to
6  arbitrate when she signed the contract, her decision to
7  file a lawsuit instead of arbitrating her claims, and the
8  prejudice to Defendants because of Plaintiff's delay in
9  seeking arbitration and the timing of her Motion after
10 receiving an adverse ruling on her Motion to Remand, the
11 Court finds Plaintiff's arbitration rights are subject to
12 bar under the doctrine of constructive waiver.
13
14              **IV. CONCLUSION**
15     For the foregoing reasons, the Court DENIES
16 Plaintiff's Motion to Compel Arbitration and Plaintiff's
17 Motion for Order to Allow Relief From Untimely Filing of
18 Complaint.
19
20
21 Dated: October 30, 2008
22                          VIRGINIA A. PHILLIPS
                            United States District Judge
23
24
25
26
27
28

10